J-S28013-23

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARKCAIL WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1156 WDA 2022 |

Appeal from the Order Entered September 6, 2022
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002050-2017

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: October 30, 2023**

Markcail Williams appeals *pro* se from the order entered in the Erie County Court of Common Pleas, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546 as untimely. After careful review, we affirm.

In January 2018, Williams entered a guilty plea to aggravated assault and discharge of a firearm into an occupied structure. Shortly thereafter, Williams sent a *pro se* letter to the court seeking to withdraw his guilty plea, based on his claim that plea counsel had lied to him about the plea agreement. This correspondence was forwarded to Williams's counsel of record. Counsel then filed a motion to withdraw from representation. After a hearing, the trial

_____

[*] Former Justice specially assigned to the Superior Court.

court denied both Williams's request to withdraw his guilty plea and counsel's motion to withdraw.

In April 2018, the trial court sentenced Williams to an aggregate term of 90 to 240 months' imprisonment. Williams did not file any post-sentence motions or a direct appeal.

On December 6, 2018, Williams filed a timely *pro se* PCRA petition, in which he raised claims of ineffective assistance of plea counsel. PCRA counsel was appointed but did not file an amended petition. Instead, counsel filed a **Turner/Finley** no-merit letter,[1] along with a petition to withdraw as counsel. The PCRA court granted counsel leave to withdraw and issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court subsequently dismissed the petition.[2]

---

[1] Counsel petitioning to withdraw from PCRA representation must proceed under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Counsel must review the record, submit a "no-merit" letter evaluating the issues the petitioner wishes to address and explaining their lack of merit, request permission to withdraw, and send the "no-merit" letter and petition to withdraw to their client along with an explanation of their right to proceed *pro se*.

[2] The certified record contains a *pro se* notice of appeal filed by Williams on May 8, 2019. However, this notice of appeal was apparently never processed by the trial court prothonotary because Williams did not pay a filing fee or seek to proceed *in forma pauperis*. **See** Letter, 5/10/2019.

On December 23, 2019, Williams filed a second *pro se* PCRA petition. After issuing notice pursuant to Rule 907, the PCRA court later dismissed the PCRA petition as untimely. *See* Order, 1/27/2020.

On February 13, 2020, Williams filed a third *pro se* PCRA petition. Again, after issuing notice pursuant to Rule 907, the PCRA court dismissed the PCRA petition as untimely. *See* Order, 3/24/2020.

On December 8, 2020, Williams filed a *pro se* "Petition For Sentence Modification and Status". In this filing, Williams sought a modification of his allegedly illegal sentence. *See* Petition, 12/8/2020, at 2. The PCRA court properly treated this motion as a fourth PCRA petition, *see Commonwealth v. Taylor*, 65 A.3d 462, 467-68 (Pa. Super. 2013), and issued notice pursuant to Rule 907, finding the petition untimely. Williams filed a response in which he argued he should have been allowed to introduce evidence of ineffective assistance of all prior counsel, and that the PCRA court should have appointed him counsel. The court subsequently dismissed the petition. We affirmed the dismissal on appeal. *See Commonwealth v. Williams*, 141 WDA 2021 (Pa. Super. filed June 15, 2021) (unpublished memorandum). Williams filed a petition for allowance of appeal with the Pennsylvania Supreme Court, followed by a "Motion to Amend New Evidence", in which he sought to amend his motion to include newly discovered evidence in the form of a victim affidavit exonerating him. On December 7, 2021, our Supreme Court denied both the petition for allowance of appeal and the motion to amend.

On May 13, 2022, Williams filed the instant *pro se* PCRA petition, his fifth. In the petition, Williams asserted an exception to the PCRA time-bar based on the same victim affidavit he sought to present to the Supreme Court. Williams alleged this affidavit was not made known to him until January 23, 2020. After issuing notice pursuant to Rule 907, the PCRA dismissed the petition. On September 30, 2022, after being granted *nunc pro tunc* relief, Williams filed the instant timely appeal.

Prior to reaching the merits of Williams's claims on appeal, we must consider the timeliness of his PCRA petition. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Since Williams did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on May 3, 2018, 30 days after the entry of the judgment of sentence, when his time for seeking direct review with this

Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). The instant petition – filed four years later – is patently untimely.

As a result, the PCRA court lacked jurisdiction to review Williams's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special

benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Williams has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. Williams asserts he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception to the PCRA's time-bar, based on a victim affidavit stating Williams did not shoot him.

Section 9545(b)(1)(ii) requires Williams to allege and prove that there were facts that were unknown to him and that he could not have ascertained those facts by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

Williams filed his petition after becoming aware of the victim's affidavit in which the victim exonerates Williams. However, the affidavit itself is not a new fact. **See Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa. Super. 2020). The actual "fact" for purposes of Section 9545(b)(1)(ii) is that Williams was not the shooter. **See Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (holding that an affidavit alleging perjury does not satisfy the requirements of the newly discovered fact exception "because the only 'new' aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim." (citation omitted)).

It is clear from a review of the record that the affidavit is merely a new conduit for information already known by Williams. The underlying assertion that Williams was not the shooter is not a "new fact" to Williams, as he made the same argument in his pretrial filings prior to choosing to plead guilty. Accordingly, Williams's allegation of newly discovered evidence does not qualify his petition for an exception to the PCRA's time-bar.

Further, Williams contends he filed his petition within one year of the date he discovered the victim's affidavit. However, Williams admits he became aware of the victim's letter in January 2020. Over a year and half then passed, during which time Williams filed two PCRA petitions, neither of which mentioned the affidavit. In November 2021, Williams filed a motion to amend a petition for allowance of appeal with our Supreme Court, for the sole purpose of attaching the victim's affidavit as "newly discovered evidence." Despite

attaching the affidavit to a filing at that time, another five months then passed from the Supreme Court's denial of Williams's petition for allowance of appeal before Williams filed the instant PCRA petition, again claiming the affidavit as "newly discovered".

In his petition, Williams claims the clock did not start until he received the affidavit in January 2020, and that the clock "again halted due to Statewide Judicial Emergency issued by PA Supreme Court in May 2020." PCRA Petition, 5/13/2022, at 8. However, Williams does not indicate why he was unable to file a petition within the five months between those two dates. Nor does he explain how he was able to file two PCRA petitions prior to the current petition in which he failed to address the affidavit, or why another five months passed after he raised the affidavit with our Supreme Court.

As such, Williams has failed to show he exercised due diligence, or that he filed his petition within one year of learning of the newly discovered fact. As the PCRA court properly concluded Williams's PCRA petition was untimely and does not fall under an exception to the PCRA time bar, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

J-S28013-23

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/30/2023~~10/30/2023~~